NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30159 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00096-RRB-2 |
| v. | |
| CHARLIE B. LEWIS III, AKA LC, AKA Little Chuck, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 12, 2018[**]
Anchorage Old Federal Building, Alaska

Before:  THOMAS, Chief Judge, and CALLAHAN and BEA, Circuit Judges.

Appellant Charles B. Lewis III appeals his jury trial convictions for

conspiracy to distribute a controlled substance (21 U.S.C. §§ 846, 841(a)(1),

(b)(1)(B), (C)) and for distribution of a controlled substance (21 U.S.C.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 841(a)(1), (b)(1)(B)).  Lewis claims that much of the government witnesses' trial testimony was improperly admitted under Federal Rule of Evidence 701(b).  Because Lewis did not object to the testimony at trial, we review the district court's decision to admit the testimony for plain error, *United States v. Olano*, 507 U.S. 725, 731 (1993), and we affirm.

**1.** The government's case included the testimony of several witnesses.  Special Agent Thomas King of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Officer Seth McMillan of the Anchorage Police Department, Lewis' co-conspirator Michael Ewing, and a confidential informant ("CI") testified as lay witnesses to their interpretations of statements made in recorded conversations involving Lewis.  As is relevant to this appeal, the witnesses explained drug jargon and interpreted ambiguous statements.  For example, the CI interpreted Lewis' recorded statement that "I want to keep this shit consistent" as meaning that Lewis "wanted to keep [methamphetamine] at all times and he didn't want to run out."  King interpreted Lewis' statement that "that's what I fuck with now" to mean "[t]hat's what he's selling now . . . . methamphetamine."  And McMillan testified that "What can I get for 2" meant "what kind of drugs can I get, can I get drugs for two, $200."  Lewis argues that the district court plainly erred in admitting these and other opinion statements under Federal Rule of Evidence 701(b) because they were not helpful to the jury.

**2.** We review the district court's evidentiary rulings here for plain error. *Id*. Plain error means an error that is "plain," "affect[s] substantial rights," and "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 732 (internal quotation marks omitted).

"[Federal Rule of Evidence] 701 allows a lay witness to offer opinions that are (a) 'rationally based on the witness's perception,' (b) 'helpful' to the jury, and (c) 'not based on scientific, technical, or other specialized knowledge within the scope of' expert testimony." *United States v. Gadson*, 763 F.3d 1189, 1206 (9th Cir. 2014) (quoting Fed. R. Evid. 701). The district court did not err in admitting the challenged testimony under Rule 701(b) because the government witnesses' testimony was "helpful" to the jury: it involved interpreting ambiguous statements and translating drug jargon that assisted the jury in understanding Lewis' involvement in distributing and conspiring to distribute methamphetamine and crack cocaine. *See id.* at 1206–07, 1209, 1212–13.

**3.** Even if the district court had erred, any error was not plain error because Lewis was not prejudiced by admission of the challenged testimony. *See United States v. Alghazouli*, 517 F.3d 1179, 1190 (9th Cir. 2008). First, Lewis offers no innocent alternative explanations for the challenged statements. Second, even if King and the CI—percipient witnesses to recorded conversations—had not been allowed to interpret the recorded statements, they could have testified to the

3

conversations themselves.  Third, even setting aside *all* of the recorded conversation testimony, a jury would likely have convicted Lewis based on the other evidence presented at trial.  Three witnesses—King, Ewing, and the CI—testified that the CI purchased seven grams of methamphetamine from Lewis and Ewing and paid Lewis for the drugs.  That same evidence established that Ewing and Lewis were co-conspirators in their distribution of methamphetamine.  Finally, the government presented testimony related to the physical evidence found at Lewis' apartment during execution of a search warrant—e.g., cocaine and drug paraphernalia for "cooking" and distributing cocaine.  In sum, irrespective of the recorded conversations testimony, the government presented overwhelming evidence of Lewis' guilt on both counts.  Any error by the district court in admitting the challenged testimony therefore did not affect Lewis' substantial rights.

**AFFIRMED.**